CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 12 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| JOSHUA EUGENE ANDREWS, | ) | CASE NO. 7:15CV00178 |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| KEO VONGSOUVANH, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Joshua Eugene Andrews, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendants attacked and injured him. Andrews has applied to proceed in forma pauperis under 28 U.S.C. § 1915(b), and the court will grant him that status, to the extent that he will not be required to prepay the filing fee. Upon review of the record, however, the court finds that the action must be summarily dismissed without prejudice as frivolous.

Andrews alleges the following sequence of events on which he bases his claims. On April 24, 2013, at about 3:30 a.m., Andrews went to the house the defendants shared "to discuss an issue that arose from threats being made on the life of [his] children." (Compl. 3.) Sythong Thanasouk "jerked [him] into the house" and held him at gunpoint. Keo Vongsouvanh then stabbed Andrews with a steak knife, while Phavath Bounsong held him down, using a "choke hold."[1] (Id.) Andrews later underwent emergency surgery for his injuries and spent several days in the intensive care unit. He brings this § 1983 complaint against these three individuals, seeking to recover compensation for his injuries.

---

[1] Andrews attaches to his complaint a police report about the April 24, 2013 incident. According to the report, the defendants told police that they attacked Andrews after he broke into their residence to rob them.

Under 28 U.S.C. § 1915(e)(2), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006). Specifically, "a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim." Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006) (citing 28 U.S.C. § 1915(e)(2)(B)). A claim is frivolous under § 1915 if it is "based on an indisputably meritless legal theory" or on "factual contentions [that] are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989) (interpreting prior version, designated as § 1915(d)).

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). Only persons who acted under color of state law may be sued under § 1983 for constitutional violations. 42 U.S.C. § 1983. To determine if an individual qualifies as a state actor for purposes of § 1983, the court must conduct a two step analysis.

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible. . . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).

Even if Andrews could prove his allegations that the defendants dragged him into their house to attack him, the court finds no basis on which he can bring suit against them under § 1983. Andrews' submissions offer no indication that any of the defendants was employed by the state or received any aid from state officials in harming Andrews. Because the defendants' alleged actions in violation of Andrews' rights were not, in any way, attributable to the state,

2

Andrews' attempted § 1983 claims against them must be summarily dismissed under § 1915(e)(2)(b) as legally frivolous. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 11th day of May, 2015.

/s/ Jon Conrad
Chief United States District Judge